No. 11-0303

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 18, 2011
LEONARD GREEN, Clerk

In re: MACY'S, INC., et al.,           )
                                       )
     Petitioners.                      )     O R D E R
                                       )
                                       )

Before: GUY, SUHRHEINRICH, and CLAY, Circuit Judges.

The district court certified a plaintiff class in this action alleging breach-of-fiduciary-duty claims in violation of 29 U.S.C. § 1132(a)(2). The defendants petition for leave to appeal the class certification order. *See* Fed. R. Civ. P. 23(f). The plaintiffs oppose the petition.

Rule 23(f) grants us discretion to hear interlocutory appeals of class certification rulings. *See Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006). However, "the Rule 23(f) appeal is never to be routine." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002). In considering a Rule 23(f) petition, we "eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *Id*. The relevant factors include: 1) whether the class certification ruling is the death knell of the litigation; 2) whether the appeal raises a novel or unsettled question; 3) whether the petitioner has a likelihood of success on the merits; and 4) the posture of the case below. *Id*. at 960.

The defendants challenge the finding by the district court that the plaintiffs are adequate representatives of the class as required by Rule 23(a)(4). The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Thus, the rule requires consideration of "whether the class members have interests that are not antagonistic to one another." *Stout v. J.D. Byrider,* 228

F.3d 709, 717 (6th Cir. 2000).  According to the defendants, intra-class conflicts inherent in this action preclude a finding of adequate representation.  *See Spano v. Boeing Co.*, 633 F.3d 574 (7th Cir. 2011); *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299 (5th Cir. 2007).

Although the defendants raise an issue of first impression in this court, we are not convinced that interlocutory review of the issue is warranted.  The defendants have not shown that they will suffer any significant harm in the absence of the immediate review of the district court's order.  Further proceedings in the district court may narrow the scope of the claims asserted by the class and reduce or eliminate the alleged conflicts of interest.  If the district court concludes that conflicts among the class members as to the potential date of the defendants' breach of fiduciary duty have become problematic, the class certification order may be altered or amended.  *See* Fed. R. Civ. P. 23(c)(1)(C).

The petition for permission to appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

_____
Clerk